UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM FITCHETT and BRAD JOHNSON, | ) ) ) | Civil Action No.: 4:12-cv-0605-RBH-TER |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | **REPORT AND RECOMMENDATION** |
| ALAN WILSON, COUNTY OF HORRY, STATE OF SOUTH CAROLINA, M. LOIS EARGLE, RODDY DICKINSON and TIM CHRISTOPHER; | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiffs, who are proceeding pro se in this matter, challenge the constitutionality of South Carolina's motor vehicle registration statutes, S.C. Code Ann. § 56-3-150(B)(2) and § 56-3-160. Several motions are currently pending before the court, including Defendant Wilson's Motion to Dismiss for Failure to State A Claim (Document # 35), which is addressed herein.   All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.  Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

## II.    FACTUAL ALLEGATIONS

Plaintiff Johnson is a resident of Oak Island, North Carolina.  Complaint ¶ 3.  He works as an Associate Professor of Accounting at Francis Marion University in Florence, South Carolina.  Id. He also has a real estate rental business located at 8669 Laurel Woods Drive in Myrtle Beach, South Carolina.  Id.  Plaintiff Fitchett is a resident of Cerro Gordo, North Carolina.  Id. at ¶ 2.  He is

employed as a property manager for Plaintiff Johnson's rental property at 8669 Laurel Woods Drive in Myrtle Beach, South Carolina. Id. He travels between North Carolina and South Carolina in a vehicle registered and licensed in North Carolina. Id.

Plaintiff Fitchett received a letter dated March 5, 2010, from the Horry County Auditor, addressed to him at 8669 Laurel Woods Drive in Myrtle Beach, South Carolina, which stated,

> You have neglected to respond to the first correspondence by contacting our office and making payment of your personal property tax, if applicable.
> You are hereby notified we have no other course of action than to refer your case to the **Honorable Justice G. Derek Blanton** for litigation, for failure to adhere to **56-3-150 or 56-3-160**.
> This is your final notice before a **<u>warrant</u>** is issued for your arrest.

Id. at ¶ 16; Letter (attached as Exhibit 1 to Complaint). Plaintiff Fitchett showed the letter to Plaintiff Johnson. Id. at ¶ 17. After receiving the letter, Plaintiff Fitchett did not travel from North Carolina to South Carolina for either employment or personal reasons because Plaintiff Fitchett was in fear of being arrested by employees or agents of Horry County. Id. at ¶ 23. Plaintiff Johnson also ceased traveling from North Carolina to South Carolina, or, when he did, he slept on the side of the road for fear of being arrested by employees or agents of Horry County. Id. at ¶ 21.

## III.   STATUTES AT ISSUE[1]

South Carolina Code Ann. § 56-3-150(B) provides,

(B) The vehicle of a nonresident must be registered and licensed pursuant to this chapter upon the earlier of a nonresident's:
. . .

---

[1]In their response to the Motion to Dismiss, Plaintiffs argue that application of S.C. Code Ann. § 12-37-2610 and § 12-37-2630 has also infringed upon their rights. However, no allegations with respect to these statutes appear in the Complaint and their applicability is dependent upon the registration and licensing requirements of the statutes at issue here. Because, as set forth below, the statutes at issue are not unconstitutional as applied, the court need not reach Plaintiffs' arguments with respect to S.C. Code Ann. § 12-37-2610 and § 12-37-2630.

(2) operation of the vehicle in this State for an accumulated period exceeding one hundred fifty days.

South Carolina Code Ann. § 56-3-160 provides,

Every foreign vehicle moved into this State the owner of which is a resident of this State immediately becomes liable for registration and license under the provisions of this chapter, and for the purpose of this section, the term "resident of this State" shall include every person who moves temporarily or permanently into this State for the purpose of engaging in any business, profession or employment.

## IV.     STANDING

Initially, Plaintiff Johnson does not appear to have standing in this action based upon the allegations in the Complaint. Because questions of standing are jurisdictional in nature, they may be raised at any time by a party or sua sponte by the Court. Plyler v. Moore, 129 F.3d 728, 731 n. 6 (4th Cir.1997) (holding that issues regarding subject-matter jurisdiction "may be raised at any time by either party or sua sponte by this court"); Center State Farms v. Campbell Soup Co., 58 F.3d 1030, 1038 (4th Cir.1995) ("Because objections to standing are jurisdictional in nature, they may be raised at any time, ... even if raised for the first time on appeal ...." (internal citations omitted)). "A court does not have subject matter jurisdiction over an individual who does not have standing." AtlantiGas Corp. v. Columbia Gas Transmission Corp., No. 05-2180, 2006 WL 3798132 at *3 (4th Cir. Dec.19, 2006) (unpublished). Thus, before reaching Defendants' Motion for Judgment on the Pleadings, the undersigned will examine whether Plaintiff Johnson has standing in this action.

Article III of the Constitution constrains federal courts to resolve only actual cases and controversies. U.S. Const., art. III, § 2, cl. 1. Because of this constitutional limitation, plaintiffs must demonstrate they have standing to adjudicate their claim in federal courts. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "A justiciable case or

controversy requires a plaintiff who has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Planned Parenthood of South Carolina, Inc. v. Rose, 361 F.3d 786, 789 (4th Cir.2004). Therefore, "to establish standing, a plaintiff must show (1) an actual or threatened injury (2) that was caused by the putatively illegal conduct of the defendant and (3) that is likely to be redressed by a favorable decision." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Only injuries that are "concrete and particularized" and "actual or imminent" suffice to confer standing. Lujan, 504 U.S. at 560. Consequently, an interest shared by the public at large such as an "abstract injury in nonobservance of the constitution" is insufficient to establish Article III standing. Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 223 n. 13, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974).

"The plaintiff bears the burden of establishing injury, traceability, and redressability because it is the party seeking to invoke federal jurisdiction." Friends for Ferrell Parkway, LLC v. Stasko, 282 F.3d 315, 320 (4th Cir.2002). "Each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. Thus, at this stage in the litigation, the facts as alleged in the pleadings must indicate that Plaintiff Johnson has standing in this action.

With regard to Plaintiff Johnson, the facts as alleged in the Complaint establish only that Plaintiff Johnson resided in North Carolina, worked in South Carolina and that, when he reviewed Plaintiff Fitchett's letter warning Fitchett that he (Fitchett) may be in violation of the statutes at issue, Plaintiff Johnson decided to limit his travel to South Carolina. Further, as a result of Plaintiff

Fitchett's decision to quit traveling to South Carolina for fear of being arrested, Plaintiff Johnson was forced to consider hiring a South Carolina resident to manage his South Carolina rental properties. Plaintiff Johnson does not allege that he owned a vehicle, much less where any such vehicle was licensed and/or registered. As such, Plaintiff Johnson has failed to allege that he suffered an actual or threatened injury. Nothing in the pleadings indicates that Plaintiff Johnson was ever in violation of the statutes at issue or that Defendants accused him of being in violation of the statutes at issue. Thus, to the extent he argues that the injury he suffered was his limited travel to South Carolina for "fear of being arrested by employee/agents of Defendant Horry," Complaint ¶ 21, or that he was forced to "seriously consider terminating Plaintiff Fitchett's employment as property manager," Id., such injuries are neither "actual or threatened," "concrete and particularized" nor "actual or imminent," but merely speculative, abstract and attenuated.[2] Further, Plaintiff Johnson fails to allege any causal relation between his self-limited travel or his consideration of terminating Plaintiff Fitchett and Defendants' conduct. Even assuming the statutes at issue were found to be unconstitutional, there are no factual allegations that Plaintiff was ever in violation of those statutes. For the foregoing reasons, the allegations in the Complaint are insufficient to show that Plaintiff Johnson has standing to bring this action. Accordingly, it is recommended that the claims raised by Plaintiff Johnson be dismissed for lack of standing.

## V.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Alan Wilson, South Carolina Attorney General moves for dismissal of the claims against him for two reasons: (1) Plaintiffs' claims are barred by the doctrine of prosecutorial

---

[2]Additionally, as set forth below, Plaintiff Fitchett fails to show that he was in violation of the statutes at issue, and, thus, Plaintiff Johnson's reliance on Fitchett to establish standing fails for this reason as well.

immunity and (2) Plaintiffs fail to state a claim upon which relief may be granted because the issues raised in the present case are nearly identical to those previously raised by Plaintiffs and rejected by both this court and the Fourth Circuit Court of Appeals. Because, as discussed below, the claims raised in this case have been rejected by this court and that rejection upheld on appeal, dismissal on that basis is appropriate and the court need not address the prosecutorial immunity argument.

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

Defendants argue that Plaintiffs' claims in the present case are virtually identical to the claims raised by Plaintiff Johnson in a previous case, Johnson v. County of Horry, C.A. No. 4:06-cv-2570-TLW, in which the district judge granted summary judgment, and the Fourth Circuit Court of

-6-

Appeals upheld on appeal in <u>Johnson v. County of Horry</u>, 360 Fed.Appx. 466, 2010 WL 55542 (4th Cir. Jan. 5, 2010) (the previous case).  In that case, Plaintiff Johnson alleged that S.C. Code Ann. § 56-3-150(B) and § 56-3-160 were unconstitutional, both facially and as applied to him, in that they violate the equal protection and privileges and immunities clauses in the Fourteenth Amendment and the dormant commerce clause.  The district court held that the statutes at issue did not violate the equal protection, privileges and immunities or the dormant commerce clauses.  <u>Johnson v. County of Horry</u>, C.A. No. 4:06-cv-2570-TLW, Order (Document # 78) pp. 9-10.  The Fourth Circuit agreed:

> The Equal Protection Clause states, in relevant part, that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Clause requires that similarly-situated individuals be treated alike." <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir.2008) (citing <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)). "Under an Equal Protection analysis, courts generally hold that 'legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.' " <u>Id.</u> at 302-303 (quoting <u>Cleburne</u>, 473 U.S. at 440, 105 S.Ct. 3249).

> As discussed by the district court, we disagree with Johnson's assertion that non-residents receive disparate treatment under the vehicle registration statutes. Clearly, § 56-3-160 only applies to residents and cannot, therefore, subject non-residents to disparate treatment. Section 56-3-150(B), in contrast, does not apply to residents at all; it simply treats certain non-residents (those who operate a vehicle in the state in excess of 150 days without valid registrations from their state of residence) <u>the same</u> as South Carolina residents. Johnson, as a non-resident driving a vehicle on the roads of South Carolina without a valid registration from his state of residence, is not similarly situated with South Carolina residents. Likewise, Johnson is not similarly situated with those nonresident drivers who do travel to South Carolina for employment but maintain a valid vehicle registration in their state of residence (and who are thus exempted from registering their vehicle in South Carolina by § 56-3-150(A)). A nonresident does not "move" into the state merely by crossing the state line; the term plainly contemplates a fixed rather than transitory status.

> Moreover, a nonresident subject to the vehicle registration statutes is not being treated differently than a resident. The crux of Johnson's complaint is not that he is being subject to a different obligation from South Carolina residents (the registration and payment of property tax on his vehicle), but that he <u>is</u> being subjected

to those obligations. In essence, he <u>seeks</u> to be treated differently from South Carolina residents.

For the same reasons set forth above we also agree with the district court that "the statutes do not unconstitutionally burden the right to interstate travel." J.A. 358. South Carolina undoubtedly has a strong interest in regulating the vehicles on its roadways and Johnson has not carried his "burden 'to negate every conceivable basis which might support' the legislation." <u>Giarratano</u>, 521 F.3d at 303 (quoting <u>Lehnhausen v. Lake Shore Auto Parts Co.</u>, 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)). The vehicle registration statutes only apply to those who move to South Carolina or who, like Johnson, avail themselves, for more than 150 days, of the use of South Carolina's roadways while operating a vehicle that is not registered in their own state of residence. Contrary to Johnson's assertions, the statutes do not significantly infringe on "the right of a citizen of one State to enter and to leave" South Carolina, <u>Saenz v. Roe</u>, 526 U.S. 489, 500, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999), or discriminate "against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." <u>Toomer v. Witsell</u>, 334 U.S. 385, 396, 68 S.Ct. 1156, 92 L.Ed. 1460 (1948). In short, Johnson may travel across South Carolina unimpeded so long as he abides by the reasonable and minimally burdensome regulations necessary to protect the safety of that state's citizens.

Finally, we find no merit in Johnson's contention that the vehicle registration statutes violate the dormant commerce clause.

> The Commerce Clause states, "The Congress shall have Power ... To regulate Commerce ... among the several States," U.S. Const. art. I, § 8, cl. 3, and it is well-established that this affirmative grant of authority implies a "negative" or "dormant" constraint on the power of the States to enact legislation that interferes with or burdens interstate commerce. <u>See</u> <u>Dennis v. Higgins</u>, 498 U.S. 439, 447, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991) ("It is also clear, however, that the Commerce Clause does more than confer power on the Federal Government; it is also a substantive restriction on permissible state regulation of interstate commerce" (internal quotation marks and citation omitted)).

<u>Brown v. Hovatter</u>, 561 F.3d 357, 362-63 (4th Cir.2009).

Determining whether a state law violates the dormant Commerce Clause involves a two-tiered analysis. <u>Id.</u> at 363. The first inquiry is "whether the state law discriminates against interstate commerce." <u>Id.</u> (emphasis omitted). In this context, " 'discrimination' simply means differential treatment of in-state and out-of-state economic interests <u>that benefits the former and burdens the latter</u>." <u>Oregon Waste</u>

> Systems, Inc. v. Dep't of Env'tl Quality, 511 U.S. 93, 99, 114 S.Ct. 1345, 128
> L.Ed.2d 13 (1994) (emphasis added). If the state law is nondiscriminatory, a court
> asks whether it "unjustifiably burdens interstate commerce." Brown, 561 F.3d at 363.
> The law "will be upheld unless the burden imposed on [interstate] commerce is
> clearly excessive in relation to the putative local benefits." Pike v. Bruce Church,
> Inc., 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970).
>
> The district court properly rejected Johnson's claim that requiring
> nonresidents to register their vehicles after they are determined to be a resident
> pursuant to South Carolina law constitutes a discriminatory trade barrier prohibited
> by the dormant Commerce Clause. The vehicle registration statutes are directed at
> activity in South Carolina, not elsewhere, and they do not discriminate between
> in-state and out-of-state interests.
>
> South Carolina's registration requirements do not impose a disproportionate
> burden on interstate commerce. If anything, South Carolina's vehicle registration
> requirements burden in-state residents, not vice-versa. See Am. Trucking Assocs.,
> Inc. v. Mich. Public Serv. Comm'n, 545 U.S. 429, 434, 125 S.Ct. 2419, 162 L.Ed.2d
> 407 (2005) (upholding fee assessed only against intrastate transactions). As the
> district court observed, the vehicle registration statutes "are necessary to insure public
> safety." J.A. 359 (quoting Arizona v. Richey, 158 Ariz. 298, 762 P.2d 585, 587
> (Ariz.Ct.App.1988)). As such, they are nothing more "than an unobjectionable
> exercise of the State's police power." Am. Trucking Assocs., 545 U.S. at 434, 125
> S.Ct. 2419.

Johnson v. County of Horry, 360 Fed.Appx. 466, 470-472, 2010 WL 55542, **4-5 (4th Cir. Jan. 5,

2010). The Fourth Circuit upheld the statutes at issue as constitutional, both facially and as applied.

Id.

Plaintiffs argue that Defendants cannot rely on the Fourth Circuit opinion in the previous case

because it is an unpublished opinion and the Fourth Circuit has expressly stated that "unpublished

opinions are not binding precedent in this circuit."  While this unpublished opinion may not be

binding precedent, it certainly has persuasive value, especially given that it addresses the same

statutes and the same arguments (i.e, violation of equal protection, privileges and immunities and

dormant commerce clauses) as those raised in the present case.  Thus, the undersigned will consider

the opinion in the previous case in the determination of whether Plaintiffs have stated a claim in the

present case.

Plaintiffs argue that the facts in the present case are not virtually identical to the facts alleged in the previous case. In the previous case, Plaintiff Johnson was a resident of either Illinois or North Carolina but his vehicle was not registered or licensed in either of those states. <u>Johnson</u>, 360 Fed.Appx. at 470. Rather, his vehicle displayed an Oregon license plate. <u>Id.</u>[3] In the present case, Plaintiff Fitchett alleges that he is a resident of North Carolina and his vehicle is licensed and registered in North Carolina. However, the fact that Plaintiff Fitchett's vehicle was licensed in North Carolina, his state of residence, further supports the argument that the statutes at issue are not unconstitutional as applied to him. As the Fourth Circuit noted, "[t]he vehicle registration statutes only apply to those who move to South Carolina or who, like Johnson, avail themselves, for more than 150 days, of the use of South Carolina's roadways while operating a vehicle <u>that is not registered in their own state of residence</u>." <u>Id.</u> at 471.

S.C. Code Ann. § 56-3-150(A) provides,

(A) A foreign privately owned and operated passenger vehicle of a nonresident, otherwise subject to registration and license as provided by this chapter, may be operated within this State without being registered and licensed pursuant to this chapter, subject to the conditions that at all times when operated in this State the vehicle:
(1) is duly registered or licensed in the state, territory, district, or country of residence of the owner; and
(2) has displayed on it a valid registration card and registration or license plate or plates.

---

[3]The Fourth Circuit found this fact significant in light of S.C. Code Ann. § 56-3-150(A), which "'provides a general exemption from the registration requirement for a foreign privately-owned-and-operated passenger vehicle of a nonresident' so long as the vehicle at issue is registered or licensed in the owner's state of residence." <u>Johnson</u>, 360 Fed.Appx. at 470 (citing <u>United States v. Johnson</u>, 256 F.3d 214, 216 (4th Cir.2001)). Because Plaintiff Johnson's vehicle was not licensed or registered in the state of his residence, he did not fall within the general exemption.

-10-

Plaintiffs argue that the exemption provided above is limited by § 56-3-150(B)(2), which requires vehicles of non-residents to be registered upon operation of that vehicle in this State for an accumulated period exceeding one hundred fifty days. However, subsection (A) specifically states that vehicles "otherwise subject to registration and license as provided by this chapter," are NOT subject to registration or license if they are registered an licensed in the state of the owner's residence. As noted by the Fourth Circuit, statutes are construed "in accordance with two principles of statutory construction: plain English and common sense." Kofa v. U.S. I.N.S., 60 F.3d 1084, 1088-89 (4th Cir. 1995) (citing First United Methodist Church v. United States Gypsum Co., 882 F.2d 862, 869 (4th Cir.1989) (stating that common sense is the "most fundamental guide to statutory construction"), cert. denied, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990); Sutton v. United States, 819 F.2d 1289, 1292 (5th Cir.1987) (stating that the courts have a duty to construe the language in a statute consistent with its plain meaning)). A plain and ordinary reading of § 56-3-150(A), reveals that, because Plaintiff Fitchett's vehicle is licensed and registered in his state of residence, he is not subject to the registration requirements otherwise provided in Chapter 3 of Title 56, including the requirements of § 56-3-150(B)(2). Therefore, Plaintiff Fitchett is not in violation of S.C. Code Ann. § 56-3-150(B)(2).[4]

Additionally, based upon the allegations in the Complaint, and for the same reasons discussed by the Fourth Circuit in the previous case, Plaintiff Fitchett fails to state a claim that the statutes at

_____

[4]The letter received by Plaintiff Fitchett does not specifically accuse Plaintiff of violating the statutes at issue. Rather, it states that, as a result of Plaintiff's failure to communicate with the Horry County Auditor and paying personal property taxes, "if applicable,"as requested in a previous letter, the office was forced to refer the matter to litigation.

issue are unconstitutional as applied to him.  Plaintiff Fitchett, as a non-resident[5] who works in South

Carolina, was not treated differently than residents of South Carolina, and thus, his equal protection

rights were not violated.  Further, the statutes at issue do not violate Plaintiff Fitchett's right to

interstate travel because they do not discriminate against him as a citizen of another state without

substantial reason for the discrimination beyond the mere fact that he is a citizen of another state.

Finally, Plaintiff Fitchett's allegations are insufficient to show that the statutes at issue place a

disproportionate burden on interstate commerce.  Accordingly, it is recommended that Defendant

Wilson's Motion to Dismiss be granted.  Furthermore, because Plaintiff Fitchett fails to state a claim

upon which relief may be granted, dismissal of the entire case is appropriate.[6]

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that the claims asserted by Plaintiff

Johnson be dismissed for lack of standing, Defendant Wilson's Motion to Dismiss (Document # 35)

be granted, and this case be dismissed in its entirety.  If the district judge accepts this

recommendation, all other pending motions will be moot.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 23, 2013
Florence, South Carolina
**The parties are directed to the important notice on the following page.**

---

[5]Nothing in the Complaint indicates anything other than Plaintiff was a resident of North Carolina.  As noted by the Fourth Circuit, § 56-3-160 applies only to residents and the term "move"as used in that statute "plainly contemplates a fixed rather than transitory status."  Johnson, 360 Fed.Appx. at 471.

[6]Plaintiffs fail to show how this case is different from the previous case.  See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").