IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Fitchett and Brad R. Johnson, | Civil Action No.: 4:12-cv-00605-RBH |
| Plaintiffs, | **ORDER** |
| v. | |
| Alan Wilson, County of Horry, State of South Carolina, M. Lois Eargle, Roddy Dickinson, and Tim Christopher, | |
| Defendants. | |

Plaintiffs William Fitchett and Brad R. Johnson, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging violations of their rights under the Dormant Commerce and Equal Protection clauses of the United States Constitution. Several motions have been filed in the action, including a motion to dismiss (ECF No. 35) by Defendant Alan Wilson and a motion for summary judgment (ECF No. 49) by all of the above-captioned Defendants jointly. The entire matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court grant Defendant Wilson's motion to dismiss. Furthermore, the Magistrate Judge recommends that Plaintiff Johnson be dismissed for lack of standing, that all remaining motions be dismissed as moot, and that this case be dismissed in its entirety.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 1, 2012, Plaintiffs William Fitchett and Brad R. Johnson filed this § 1983 action to challenge the enforcement of sections 56-3-150 and 56-3-160 of the South Carolina Code, which govern the registration of vehicles, as unconstitutional. Plaintiffs claim the statutes' enforcement prevent Plaintiff Fitchett from traveling to South Carolina to carry out the terms of his employment with Plaintiff Johnson because he feared being arrested.[2] Several motions were filed by Plaintiffs and Defendants, most of which concerned discovery in the matter. Most of those motions remain pending. On December 11, 2012, Defendant Alan Wilson filed a motion to dismiss, arguing that he was absolutely immune due to the prosecutorial nature of his actions alleged by Plaintiffs and that Plaintiffs failed to state a claim upon which relief may be granted. Mot. to Dismiss, ECF No. 35. Subsequently, on January 7, 2013, all named Defendants jointly filed a motion for summary judgment, attacking the sufficiency of Plaintiffs' claims, as well as raising other issues, including whether Plaintiff Johnson lacks of standing to bring the action.[3] Mot. for Summ. J., ECF No. 49.

Plaintiffs were put on notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the consequences of summary judgment and of the failure to respond to Defendants' dispositive motions. ECF Nos. 36, 59. Plaintiffs responded to Defendant Wilson's motion to

---

[2] Because the facts are adequately stated in the Magistrate Judge's R&R, the Court need not elaborate on them further.

[3] Although they call the motion a motion for summary judgment, Defendants provide no actual evidentiary support for the motion. They cite to affidavits and deposition transcripts in two paragraphs of their brief; however, that evidence is immaterial and part of the record of a previous action, and nothing was provided to the Court with the brief in this action. *See* Defs.' Br. in Supp. of Mot. for Summ. J. 9, 9 n.2, 11, ECF No. 49-1. Accordingly, given the timing and substance of Defendants' motion, the Court shall review their motion for summary judgment as either a motion to dismiss or a motion for judgment on the pleadings, and will disregard any facts cited except for those alleged in the pleadings. *See* Fed. R. Civ. P. 12(b)(6), (c). Of course, the standard for reviewing motions for judgment on the pleadings is the same standard used in deciding motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). That standard is articulated by the Magistrate Judge in the R&R.

dismiss on January 11, 2013. ECF No. 62. Their "response" to the motion for summary judgment was filed on February 25, 2013.[4] ECF No. 74. The Magistrate Judge issued his R&R on August 23, 2013, recommending that Defendant Wilson's motion to dismiss be granted, that Plaintiff Johnson be dismissed for lack of standing, that the case be dismissed in its entirety, and that all pending motions be deemed moot. R&R, ECF No. 91. Plaintiffs filed timely objections to the R&R on September 12, 2013, 2013. Pls.' Objs., ECF No. 95. All motions pending in the case are now before this Court.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

---

[4] Plaintiffs, who are *pro se*, filed no *formal* response to the motion for summary judgment. On the day their response was due, Plaintiffs, in violation of the Court's local rules governing page length, filed a fifty-seven-page (not counting attachments) "Motion for Continuance Pursuant to FRCP 56(d) of Defendants' Motion of Summary Judgment." ECF No. 74. In the motion, Plaintiffs argue that they had been unable to conduct adequate discovery to respond to Defendants' motion and point to the several pending motions on the Court's docket regarding discovery. This Court notes that Plaintiffs, while they do not call the filing a "response," squarely respond to Defendants' arguments that Plaintiffs fail to state a claim. Therefore, for the benefit of the *pro se* Plaintiffs, the Court will construe their motion as, in part, a response to Defendants' motion. Plaintiffs' assumption that the Court would *grant* their motion for a continuance (really, a motion to hold Defendants' motion in abeyance and to stay the deadline to respond pending further discovery) on the day the response was due was imprudent, and Plaintiffs must bear the consequences of not complying with a deadline absent a court-ordered extension. Indeed, the question of whether to extend procedural deadlines is one for the Court—not Plaintiffs. And, there is no question that Plaintiffs were on notice and had every opportunity to respond to Defendants' motion, which, as this Court notes in footnote three, was materially based on the facts alleged by Plaintiffs in their complaint and not on any evidence outside of the pleadings. Because Defendants' motion is really either a motion to dismiss or a motion for judgment on the pleadings, Plaintiffs were fully capable of responding without discovery. Accordingly, to the extent Plaintiffs' motion did not become moot after the February 25 deadline passed, the motion is denied as it is unnecessary for Plaintiffs to present evidence in its opposition to Defendants' motion. *Cf.* Fed. R. Civ. P. 56(d).

3

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends that Defendant Wilson's motion to dismiss be granted, that Plaintiff Johnson be dismissed for lack of standing, that the case be dismissed in its entirety, and that all pending motions be deemed moot. R&R 12. In arriving at that recommendation, the Magistrate Judge concludes *sua sponte* that Plaintiff Johnson lacked standing to bring this action. Furthermore, the Magistrate Judge reports that Plaintiff Fitchett fails to state a claim upon which relief may be granted. Much like Plaintiffs' "response" to Defendants' motion, Plaintiffs filed excessively long objections to the R&R, totaling eighty-two pages. Despite their length, Plaintiffs say very little, and their objections, in their own words, are summarized as follows:

> [T]he Magistrate Judge (A) Mischaracterizes the Above-Captioned Action,[5] (B) Misinterprets the Statutes at Issue, (C) Intentionally

---

[5] To the extent Plaintiffs challenge Horry County's collection of fees under state law, the Court declines to exercise its supplemental jurisdiction as it ultimately finds Plaintiffs' constitutional claims must be dismissed. *See* 28 U.S.C. § 1367(c).

4

> Ignored Plaintiffs' Arguments Against Dismissal of Defendant Wilson, (D) Intentionally Recommends Dismissal of the Entire Case after Merely Granting Defendant Wilson's Motion to Dismiss Himself, (E) Fabricated False Statements of Fact,[6] and (F) Sua Sponte Recommends Dismissal of Plaintiff Johnson Based Solely on the "Appearance" of Lack of Standing.

Pls.' Objs. 2.

In light of the Court's discussion above in footnote four, the Court finds Plaintiffs' objection to the Magistrate Judge's recommendation that Plaintiff Johnson be dismissed for lack of standing to be without merit.  Defendants argued in their motion for summary judgment that Johnson lacked standing because he "failed *to allege* that he suffered any actual or threatened injury." Defs.' Br. in Supp. of Mot. for Summ. J. 19–20, ECF No. 49-1 (emphasis added).  Plaintiffs were on notice pursuant to *Roseboro* and had over a month to respond to this argument, yet they failed to do so.  Furthermore, even assuming Plaintiffs were not on notice prior to the issuance of the R&R, Plaintiffs had the opportunity—seventeen days, to be exact—to respond to the recommendation by way of objections to the R&R.  This satisfies due process, and thus the Court finds no due process error in the Magistrate Judge's raising the issue of Plaintiff Johnson's standing in this action.

In fact, Plaintiffs specifically object to and argue against the Magistrate Judge's ruling that Plaintiff Johnson lacks standing.  As the Magistrate Judge makes clear in the R&R, Plaintiff Johnson's real connection to this action is that he employed Plaintiff Fitchett to manage his properties in Horry County.  Plaintiffs' complaint includes no allegation that Plaintiff Johnson is actually in violation of the challenged statutes.  It is the opinion of the Court that Plaintiff Johnson's employee's failure to abide by the laws of South Carolina (assuming he is indeed in violation of the law) does not create a sufficient injury to trigger a case or controversy under Article III of the

---

[6] As Plaintiffs presents no basis for his claim that the Magistrate Judge falsified the facts "to serve his own personal agenda" except for their own speculation, this objection is inappropriate and summarily overruled.

5

United States Constitution. In their objections, Plaintiffs fail to point to any specific, actual injury on the part of Plaintiff Johnson, arguing only that Plaintiff Johnson has himself feared being arrested and was forced to *consider* firing Plaintiff Fitchett. Pls.' Objs. 80. The former is highly speculative, as Plaintiffs do not allege that Plaintiff Johnson is in violation of the law. The latter is far too attenuated: any decision to fire Plaintiff Fitchett would result from his inability to perform the terms of his employment—not Defendants' enforcement of an allegedly unconstitutional law. Only Plaintiff Fitchett has standing to bring this action as it is alleged. Accordingly, Plaintiffs' objections to the portion of the Magistrate Judge's R&R recommending that Plaintiff Johnson be dismissed for lack of standing are overruled.

The Magistrate Judge also concluded that Plaintiff Fitchett failed to state a claim upon which relief may be granted and recommended that the entire case be dismissed on the basis that Plaintiff Fitchett, as alleged, is not in violation of South Carolina law. Plaintiffs object to the recommendation,[7] arguing that it was error to recommend "dismissal of the entire case after merely granting Defendant Wilson's motion to dismiss himself from the above captioned case." Pls.' Objs. 62. Plaintiffs provide no legal basis for this objection, which consists of one sentence in an eighty-two page submission. Furthermore, Plaintiffs' overall merits challenge in the objections (objections B and C) is to the Magistrate Judge's interpretation of the statutes at issue. To the extent Plaintiffs' objections are proper, the Court, as it discusses below, finds them to be meritless and futile in light of previous rulings by the District of South Carolina and the Fourth Circuit that the statutes pass constitutional muster. Of course, *all* Defendants jointly moved to dismiss both Plaintiffs for failing

---

[7] This objection by Plaintiffs is rather odd. Plaintiffs had a Magistrate Judge find in their favor that Plaintiff Fitchett was not in violation of the statutes at issue, yet they objected to the finding (and the Magistrate Judge's interpretation of the statute) anyway. Assuming Plaintiffs' goal is to obtain a finding that Plaintiff Fitchett need not register his vehicle in South Carolina, the Court is curious about why Plaintiffs continue to assert their constitutional claims.

to state a claim upon which relief may be granted, and, as noted in footnote four, Plaintiffs filed a response to Defendants' argument, using much of the fifty-seven pages of their "Motion for Continuance Pursuant to FRCP 56(d) of Defendants' Motion of Summary Judgment" to argue that the statutes at issue violate the Dormant Commerce and Equal Protection clauses.[8]

The Magistrate Judge's decision to not address Defendants' motion for summary judgment does not prevent the undersigned from doing so. As discussed in footnote four, the Court recognizes the motion should more appropriately be regarded as either a motion to dismiss or a motion for judgment on the pleadings, where the facts alleged by Plaintiff are assumed to be true. For the purposes of this action (without considering any evidence), Plaintiff Fitchett is allegedly a North Carolina resident with a vehicle registered in North Carolina. Whether or not he is in violation of South Carolina law and must register his vehicle in Horry County does not change the Fourth Circuit's previous lengthy analysis in a case, brought by Plaintiff Johnson, dismissing the same constitutional arguments.[9] *See Johnson v. Cnty. of Horry*, 360 F. App'x 466 (4th Cir. 2010). *Johnson* is heavily quoted by the Magistrate Judge in the R&R, holding that the same South Carolina statutes are not unconstitutional under the Dormant Commerce and Equal Protection clauses. The Court finds *Johnson*, if not mandatory, highly persuasive, and nothing convinces the Court that any other outcome would be appropriate in a case where the mere distinction is that it is

---

[8] Plaintiffs also responded to similar arguments in their response to Defendant Wilson's motion to dismiss. *See* Pls.' Br. in Opp'n to Mot. to Dismiss 8–27, ECF No. 62.

[9] Because the Court ultimately finds that Plaintiff Fitchett fails to state a claim in light of *Johnson*, it is unnecessary for the Court to determine whether he is or is not in violation of South Carolina law. As such, the Magistrate Judge's interpretation of South Carolina law and resulting finding are rejected and should not hold any persuasive value.

7

now Plaintiff Fitchett who is aggrieved by Horry County's enforcement of the statutes.[10] Plaintiff's objections are thus overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including the motions, the R&R, Plaintiffs' objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R as modified and rejects any part to the extent it conflicts with this order (see footnote nine).

**IT IS THEREFORE ORDERED** that Defendant Wilson's motion to dismiss (ECF No. 35) is **GRANTED**; that the Defendants' motion for summary judgment (ECF No. 49) is **GRANTED**, and that Plaintiffs' claims are **DISMISSED** *with prejudice*. All pending motions are deemed moot.[11]

---

[10] Of course, while the Magistrate Judge recommended only dismissing Plaintiff Fitchett for failing to state a claim, Plaintiff Johnson, assuming he had standing, fails to state a claim for the same reasons.

[11] It must be noted that, while this is Plaintiff Johnson's first appearance before the undersigned, he is no stranger to court proceedings. The Court's cursory search of Westlaw databases and review of advance sheets suggest Plaintiff Johnson's suits are countless, and his litigiousness stretches from the East Coast to the West Coast, from state trial courts to the United States Supreme Court. Indeed, while such legal action is not inherently problematic, the Court's review of several of Plaintiff Johnson's suits and the action now before it paint a picture of a litigant who maintains a complete disregard for the Judiciary, both its function and its constituents. *See, e.g.*, *Johnson v. Lockyer*, 115 F. App'x 895, 897 (7th Cir. 2004) ("Frivolous suits may also result in sanctions. We warn Johnson that under the circumstances the district court had every right to threaten sanctions, and we hasten to add that we too may impose sanctions under Fed. R. App. P. 38 if he continues to file frivolous appeals like this one."). For example, of the five (at least) petitions for writ of certiorari Plaintiff Johnson appears to have filed with the United States Supreme Court, one involved an action he brought against a federal district judge and a federal magistrate judge, accusing them of a conspiracy to defraud the United States. *Johnson v. McCuskey*, 541 U.S. 904 (2004).

Plaintiff Johnson has himself noted in the record that he is a tenured Associate Professor who "has taught accounting, tax and law . . . for over 28 years." Compl. 4, ECF No. 1. He also signs his submissions to the Court, representing that he has a law degree. *Id.* at 26. Although he is

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
September 30, 2013

---

technically a *pro se* party, Plaintiff Johnson's representations and allegations bear a weight that this Court cannot ignore, and the Court is troubled that he would again attempt to raise a legal challenge after his first was unsuccessful. Plaintiff Fitchett's purpose in this action appears to be one to assist Plaintiff Johnson in bypassing an assertion of *res judicata* and forcing the Court "grind the same corn a second time." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1296, 1296 (5th Cir. 1970). That is, of course, consistent with Plaintiffs' objections to a ruling by the Magistrate Judge that effectively remedies Plaintiff Fitchett's injury in this case. *See supra* note 7 and accompanying text. Plaintiff Johnson's background suggests he should know better than to raise the frivolous claims he raises in this action.

        Furthermore, beyond the frivolousness of his claims, lies a lack of civility that demands the Court's attention. Instead of challenging the Magistrate Judge's R&R on the substance of the recommendation, Plaintiffs, in their objections, attribute the Magistrate Judge's recommendation to a "personal agenda." Plaintiffs' speculation that "there can only be one reason" is the *sole* basis for their attack on the Magistrate Judge's integrity. Pls.' Objs. 63–68. They, moreover, allege "blatant and intentional falsification" and fraud by the Magistrate Judge. *Id.* at 68. But Plaintiffs present no evidence to support their speculations.

        These allegations are serious and must be taken seriously. Rule 11 of the Rules of Federal Civil Procedure reflects that seriousness by requiring "[e]very pleading, written motion, and other paper" to be signed by an attorney or *pro se* party, representing to the Court in part that his "claims, defenses, and other legal contentions are warranted by existing law" and that his "factual contentions have [or will likely have] evidentiary support." Fed. R. Civ. P. 11(a), (b). A violation of Rule 11 may ultimately lead to sanctions "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). It is very rare occurrence for a Court to impose Rule 11 sanctions on its own, and a violating party is entitled to "notice and a reasonable opportunity to respond" before appropriate sanctions can be imposed. Fed. R. Civ. P. 11(c)(1). While the Court declines to take the drastic step today to invoke its authority under Rule 11, Plaintiffs are now on notice that a future disregard of court rules will be addressed with this warning in mind. The Court will also consider any other tools at its disposal to deter frivolous litigiousness, including awarding attorney's fees to a defendant forced to defend himself or herself from such claims. *See* 42 U.S.C. § 1988(b); *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.").

9